UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER ALBERT,

      Plaintiff,

v.

GENESIS 2K, d/b/a Genesis Group,

      Defendant.

Case No. 13-CV-62-JPS

ORDER

---

  Plaintiff Christopher Albert ("Albert") filed suit against his former employer, defendant Genesis 2k ("Genesis"), alleging that Genesis discriminated against him when it discharged him on the basis of his religious orientation, that Genesis failed to provide a work environment free of religious harassment, and that Genesis was a hostile workplace and unlawfully discriminated against him due to his religious orientation. (Compl.). Presently before the court is Genesis's motion to dismiss the complaint. (Docket #6). As explained below, Genesis's motion will be denied.

1.  Legal Standards

  Genesis brings this motion to dismiss under Federal Civil Rule of Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the plaintiff's complaint by asserting that he failed to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), Albert's complaint must allege facts sufficient to "state a claim for relief that is plausible on its face." *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court construes the complaint in the light most favorable to the claimant, accepts as true all well-pleaded facts alleged,

and draws all possible inferences in the claimant's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

2.   Background

Albert began working for Genesis as a Security Officer in December of 2007. Albert asserts that, over the course of his employment with Genesis, he was subjected to frequent religious proselytization by Genesis's management. Albert states that Genesis included bible verses along with each paycheck. Albert also claims that management encouraged him to join their church on a number of occasions, that each time Albert responded that he was fine with his own religious beliefs, and that management began discussing Albert's work performance following these attempts at conversion. In his complaint, Albert relays one experience from January 2009 when his grandmother and brother passed away within the same week. When he discussed the matter with Genesis's owner, Anthony Sherman, and with Chief Pablo Valezquez, they responded by encouraging Albert to pray. Sherman also stated that Albert's brother was taken by Jesus in order to break Albert down and to build him up with a stronger faith in God. Albert alleges that he was denied promotions, and that employees with shorter employment histories, and even some who Albert trained, were promoted above him. Albert started losing hours and was taken off accounts; finally, on August 3, 2009, Genesis discharged Albert.

3.   Analysis

Genesis first argues that Albert's complaint and claims for damages must be dismissed because Albert fails to allege what statutes have been violated. The court disagrees as a descriptive matter. The caption of the complaint is "Plaintiff's Complaint for violations under Title VII;

Discrimination against Ethnicity and Religious Orientation." (Compl. at 1). Further, while the complaint does not provide specific statutory citations, the invocation of Title VII, along with the facts as articulated in the complaint, certainly provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests…." *Tamayo*, 526 F.3d at 1083. The court will not grant Genesis's motion to dismiss on the basis of this argument.

Genesis next argues that Albert's complaint does not adequately allege religious discrimination because he does not plead facts establishing two prongs of the four-prong *prima facie* case as articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). More specifically, Genesis asserts that Albert's complaint must be dismissed for failure to allege that Albert performed his job according to Genesis's legitimate performance expectations, and that Genesis treated Albert less favorably than it treated similarly-situated employees outside his protected class. In support of its argument, Genesis cites one case articulating the elements of the *prima facie* case, and no cases supporting its contention that a complaint is insufficient if it does not allege each element.

In 2002, the United States Supreme Court rejected Genesis's exact argument, on several grounds. First, the Court explained that the *McDonnell Douglas prima facie* framework "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Second, the Court explained that requiring a plaintiff to plead each element of the *McDonnell Douglas* framework would be illogical because "the *McDonnell Douglas* framework does not apply in every employment discrimination case. For instance, if a plaintiff is able to produce direct evidence of discrimination,

he may prevail without proving all the elements of a prima facie case." *Id.* at 511. Instead, the Court confirmed that a plaintiff in an employment discrimination case need only plead a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 512 (*quoting* Fed. R. Civ. Pro. 8(a)(2)). Genesis's motion to dismiss the complaint for failure to allege all elements of a *McDonnell Douglas* claim will be denied.

Genesis advances an identical argument regarding Albert's hostile work environment claim. Genesis argues that Albert has not adequately alleged the claim because Albert did not assert that any hostile work environment affected a term or condition of employment. Because this is part of a *prima facie* case for a religious discrimination case, Genesis argues, Albert's complaint is insufficient. But again, a *prima facie* framework is an evidentiary standard, not a pleading standard. Genesis's motion will not be granted on this argument.

Finally, Genesis argues that plaintiff's first and second claims are "confusing and redundant." The complaint articulates claims one and two as "Hostile Workplace Discrimination" and "Failure to provide a work environment free of religious harassment," respectively. The court agrees that some clarification would be helpful, but is confident that plaintiff can refine his claims during discovery. If the claims are in fact redundant, one may be excised at a later date.

In conclusion, none of Genesis's arguments establish its entitlement to dismissal at this juncture. Albert's complaint, while perhaps imperfect, gives "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Tamayo*, 526 F.3d at 1083. As such, it is sufficient to satisfy civil pleading standards.

Accordingly,

IT IS ORDERED that Genesis's motion to dismiss (Docket #6) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 26th day of July, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge